## VAN ALLEN and Others *v.* SPADONE.

Where a complaint is unobjectionable in form and substance, and the
defendant has been ruled to answer on a day fixed, and on that day
the rule has been extended to another, on which last a further exten-
sion of the rule is asked, which is objected to by the plaintiff, there is
no error in the refusal to permit the defendant to file a demurrer to the
complaint.

When the Court has once extended the rule to answer, it is within its
discretion to allow further time or not.

APPEAL from the *Cass* Common Pleas. <span style="float:right">*Friday, June 7.*</span>

DAVISON, J.—This was an action by the appellee, who was
the plaintiff, against *Van Allen* and *Howel* upon two prom-
issory notes, each payable to one *George Parker,* who assigned
them to the plaintiff.

The record contains a bill of exceptions, whereby it is shown

May Term, that on the first calling of the cause, a rule was granted against
1861.    the defendants to answer the complaint by the 8th. judicial
McCAMMOCH day of the term, being *February* 13, 1860; upon that day,
v.        the cause having been regularly called, the defendant's attor-
CLARK.    ney asked leave for further time to discharge the rule, on
account of the absence of his clients, which was granted by
the Court, and the time extended until the next morning,
*February* 14. In the forenoon of said day, the plaintiff
demanded judgment for want of an answer; and thereupon
the defendants' attorney asked further time to answer, on
account of the continued absence of his clients; but the plain-
tiff objected, and the Court refused to further extend the time.
Whereupon the defendants, by their attorney, offered to file a
demurrer to the complaint, which offer the Court refused; and
thereupon gave judgment against the defendants for want of
an answer, &c. These rulings are assigned for error.

We have looked into the complaint, and find it unobjec-
tionable in form and substance; hence the demurrer, had the
Court allowed the defendants to file it, would have been una-
vailing, and they are therefore not injured by the refusal to
allow it to be filed. And the Court having once extended
the time for a compliance with the rule to answer, it was
plainly within its discretion whether it would, or not, allow
further time. In this instance, it does not appear that such
discretion has been abused.

*Per Curiam.*—The judgment is affirmed, with 5 per cent.
damages and costs.

*D. D. Dykernan,* for the appellants.